IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT HOSSFELD, individually and on
behalf of others similarly situated,
            *Plaintiff,*

v.

EVERQUOTE, INC., and FARMERS GROUP,
INC.
            *Defendants.*

Case No. 1:26-cv-11440-JCB

**DEFENDANT EVERQUOTE, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STAY DISCOVERY**

## I.     INTRODUCTION

When a plaintiff's complaint is subject to threshold motions that may fundamentally alter

or entirely dispose of the litigation, a court should exercise its broad discretion to stay discovery.

That is precisely the situation here. In this putative class action, Plaintiff Robert Hossfeld

("Plaintiff") alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §

227, and related state and common law claims against EverQuote, Inc. ("EverQuote") and Farmers

Group, Inc. EverQuote has filed three threshold motions that together have the potential to resolve

this case in its entirety before any discovery is needed.

First, this dispute belongs in binding individual arbitration. As set forth in EverQuote's

Motion to Compel Arbitration, the web form through which the lead at issue was generated

contained a valid arbitration provision with a class action waiver and a delegation clause. Once

formation is established,the threshold question of arbitrability must therefore be decided by the

arbitrator, not this Court. At minimum, the Motion to Compel Arbitration presents a threshold

issue that should be resolved before EverQuote is forced into costly merits and class discovery in

this forum.

Second, even if this Court retains jurisdiction, Plaintiff's Complaint fails to state a claim as a matter of law. EverQuote's Motion to Dismiss demonstrates that the Complaint suffers from multiple fatal pleading deficiencies across all five counts, including Plaintiff's failure to allege that he personally registered his telephone number on the National Do Not Call Registry, his failure to allege that he directed a DNC request to EverQuote rather than to a downstream independent agency, his failure to plausibly allege that EverQuote "initiated" any prerecorded call rather than merely selling a lead, and his reliance on text messages to assert a claim under a Texas statute that applies only to prerecorded voice messages. Indeed, those defects are legal and pleading-based. Discovery cannot cure them.

Third, even if an individual claim survives (which it should not), Plaintiff's class allegations are incurably defective here. EverQuote's Motion to Strike Class Allegations demonstrates that *each* of the three proposed class definitions is overbroad, lacks Rule 23 commonality, and improperly relies on merits-based criteria. If that motion is granted, the scope of discovery would change dramatically because nationwide class discovery would no longer be at issue.

Accordingly, good cause exists to stay discovery. Compelling EverQuote to engage in costly classwide TCPA discovery while these threshold motions remain pending would impose substantial and unnecessary burdens. Conversely, a brief stay will not prejudice Plaintiff, as this case remains in its earliest stages with no answer filed, no Rule 26(f) conference held, and no discovery exchanged. A stay now preserves resources while the Court determines whether this dispute belongs in arbitration, whether Plaintiff has stated any viable claim, and whether this case may proceed on a classwide basis at all.

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). These inherent powers specifically include "the power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). In determining whether to stay proceedings, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Federal Rule of Civil Procedure 26(c) provides that the court may stay discovery on a showing of "good cause" by the party requesting the stay. Fed. R. Civ. P. 26(c)(1).

"The court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-CV-30037-MAP, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) (citation omitted); *see also Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008) (district courts "enjoy broad discretion in managing the pace of pretrial proceedings, including the timing of discovery"). While the court has broad discretion, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992) (citations omitted). "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1)." *Hillside Plastics*, 2018 WL 3727365, at *2 (quoting *Dicenzo v. Massachusetts Dep't of Correction*, No. 3:15-CV-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016)).

## III.  ARGUMENT

**A.    The Court Should Stay Discovery Because The Pending Motions May Dispose Of The Claims Against EverQuote Without Additional Discovery.**

3

Courts in this District frequently exercise their broad discretion to stay discovery where a pending motion may be dispositive. "A pending dispositive motion constitutes good cause for a stay of discovery." *Malanowski v. Wells Fargo Bank N.A.*, No. CV 3:21-11628-MGM, 2022 WL 2758474, at *2 (D. Mass. July 14, 2022) (citation omitted). As this Court has observed, "it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed." *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. CV 15-14188-MLW, 2016 WL 11004353, at *2 (D. Mass. June 15, 2016). Moreover, "the possibility that a single claim will survive does not preclude granting a motion for a stay." *Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021) (citation omitted). Here, EverQuote has filed three separate Pending Motions that together cover the full scope of this action.

First, EverQuote has filed a Motion to Compel Arbitration. The web form from which the lead at issue was generated contained a dispute resolution provision and a class action waiver incorporated by reference in the website's Terms of Use. Because a valid arbitration agreement with a delegation clause requires arbitrability issues to be resolved by the arbitrator once formation is established, discovery in this forum should not proceed while that threshold issue remains unresolved. If the Motion to Compel Arbitration is granted, discovery in this Court will be unnecessary or, at a minimum, substantially narrowed.

Second, EverQuote has filed a Motion to Dismiss pursuant to Rule 12(b)(6), which addresses multiple independent grounds for dismissal. As to Plaintiff's National DNC Registry claim (Count I), the TCPA's implementing regulation limits relief to a subscriber who "has registered his or her telephone number" on the National DNC Registry. 47 C.F.R. § 64.1200(c)(2). Plaintiff alleges only that his number "has been on the Do Not Call Registry since 2015" but fails

to allege that he personally registered it. *See* Compl. ¶ 4. As to Plaintiff's internal DNC claim (Count II), Plaintiff alleges he directed his do-not-call request to the independent Alexander Holmes Farmers agency during the March 4 call, not to EverQuote. Compl. ¶¶ 38-41. Plaintiff does not allege that he ever communicated a DNC request directly to EverQuote. Moreover, even if Plaintiff's DNC request to the Holmes agency could be imputed to EverQuote, the sole follow-up text message was sent just one day later, well within the ten-business-day compliance window afforded by 47 C.F.R. § 64.1200(d)(3), and Plaintiff fails to allege any systemic lack of internal DNC safeguards. As to Plaintiff's prerecorded call claim (Count III), Plaintiff explicitly alleges that the challenged call occurred because EverQuote "again sold the marketing lead" despite knowing Plaintiff had not opted in, and that the later calls "were the result of EverQuote reselling the lead." Compl. ¶¶ 47, 51. Not so. Plaintiff's assertion does not establish that EverQuote "initiated" the downstream alleged prerecorded call or controlled the dialing equipment used. As to the Texas ADAD claim (Count IV), Plaintiff grounds this claim on text messages he received, but the Texas statute targets devices that convey "prerecorded or synthesized voice messages"—a category that does not encompass written text communications. Finally, Plaintiff's Massachusetts common law restitution claim (Count V) is barred because Plaintiff has an adequate remedy at law through the statutory damages available under the TCPA, and Plaintiff fails to plead any measurable economic benefit directly conferred upon EverQuote. Each of these grounds independently supports dismissal. And because these arguments challenge the legal sufficiency of Plaintiff's own allegations, they can be resolved without discovery.

Third, EverQuote has filed a Motion to Strike Class Allegations. The proposed class definitions are facially overbroad and depend on merits-based criteria. See Compl., Class Allegations. For example, the classes are limited to individuals who received "telemarketing" calls,

a determination that requires an individualized assessment of the purpose and content of each communication. The definitions also improperly sweep in individuals who may have consented or who had an established business relationship with EverQuote or its partners. Striking the class allegations would dispose of all putative class claims. Indeed, that ruling would eliminate the need for classwide discovery and materially narrow the scope of any remaining case.

Because these Pending Motions are each potentially dispositive and can be resolved on the pleadings without additional discovery, good cause exists for a stay. Where good cause is established, staying discovery until a ruling on dispositive motions becomes final does not unreasonably delay the litigation. *Dicenzo*, 2016 WL 158505, at *2.

At bottom, discovery should not proceed before the Court determines whether Plaintiff can litigate here, whether he has stated any viable claim, and whether class allegations remain.

**B.     A Stay Will Not Prejudice Plaintiff And Proceeding With Discovery Would Impose Substantial And Unnecessary Burdens.**

The burden on a class action defendant in responding to discovery is considerable, and that burden is significantly amplified in the TCPA context. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions). If discovery were to proceed now, EverQuote would be forced to undergo the significant expense of identifying and producing data for a proposed nationwide class before it is determined whether that class is legally certifiable or whether Plaintiff's individual claims belong in arbitration. Much of that discovery may become unnecessary if any of the Pending Motions are granted.

Courts in this District have recognized that "where [d]efendant has raised potentially dispositive issues, it would be prudent to test the merits of Plaintiff's allegations before engaging in costly class discovery." *Osidi v. Assur. IQ, L.L.C.*, No. 21-cv-11320-ADB, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022). Similarly, in *Katz v. Liberty Power Corp.*, No. 18-cv-10506-ADB,

2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019), the court stayed class discovery in a TCPA case because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." Compelling EverQuote to incur those costs while three threshold motions remain pending would result in a substantial and potentially unnecessary expenditure of corporate and judicial resources. Notably, the burden of classwide discovery should not be imposed before the Court resolves threshold motions that may eliminate or substantially narrow that discovery.

On the other side of the balance, Plaintiff will not suffer prejudice from a brief delay because this case remains in its earliest stages. No answer has been filed, no Rule 26(f) conference has taken place, no scheduling order has been entered, and no discovery has been served or exchanged. Courts in this District consistently recognize that a "relatively brief delay" until the disposition of dispositive motions is entirely reasonable. *Dicenzo*, 2016 WL 158505, at *2. As this Court has previously held, "[o]n balance, the possible prejudice to [the plaintiff] of some further delay in this litigation does not justify the costs of requiring the parties to engage in discovery at least some of which may be avoided depending on the court's ultimate rulings on the motions to dismiss." *Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *3 (D. Mass. Sept. 27, 2021). A stay would not deprive Plaintiff of discovery; it would only defer discovery until the Court determines whether any claim survives and whether the case may proceed on a classwide basis.

Accordingly, the burden of classwide discovery at this juncture far outweighs the minimal harm of a temporary delay; the balance of interests favors a stay.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, EverQuote respectfully requests that the Court stay discovery

until the Court rules on EverQuote's Motion to Compel Arbitration, Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and Motion to Strike Class Allegations.

Dated: May 15, 2026                              Respectfully submitted,

                                        */s/ Christopher B. Parkerson*
                                        Christopher B. Parkerson, (BBO#662952)
                                        Campbell Conroy & O'Neil, P.C.
                                        20 City Square, Suite 300
                                        Boston, MA 02129
                                        Telephone: (617) 241-3075
                                        cparkerson@campbell-trial-lawyers.com

                                        AND

                                        Eric J. Troutman (*pro hac vice forthcoming)*
                                        Tori L. Guidry (*pro hac vice forthcoming*)
                                        Blake H. Landis (*pro hac vice forthcoming*)
                                        Troutman Amin, LLP
                                        400 Spectrum Center Drive
                                        Suite 1450
                                        Irvine, CA 92618
                                        Telephone: (949) 350-3663
                                        Facsimile:(949)203-8689
                                        tori@troutmanamin.com

                                        *Counsel for Defendant EverQuote, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                        */s/ Christopher B. Parkerson*
                                          Christopher B. Parkerson