**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EVERQUOTE, INC. and FARMERS GROUP, INC.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 1:26-cv-11440-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FARMERS GROUP, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) and (6), Defendant Farmers Group, Inc. ("FGI"), respectfully moves to dismiss Plaintiff Robert Hossfeld's Amended Complaint. Hossfeld alleges three causes of action against FGI: Count I – Violations of the Telephone Consumer Protection Act ("TCPA"), Do Not Call Registry, 47 C.F.R. § 64.1200(c); Count II – TCPA, Internal Do Not Call, 47 C.F.R. § 64.1200(d); and Count III – Violations of the Texas Telephone Solicitation Act (Tex. Bus. & Com. Code § 305.001 *et seq.*).

All of the Counts against FGI should be dismissed with prejudice because Hossfeld failed to allege facts to support the elements of his claims.

Counts I, II, and III should be dismissed because the Amended Complaint fails to allege facts supporting any basis on which FGI can be held directly or vicariously liable for any of the calls or text messages received by Hossfeld. Plaintiff admits that FGI did not place any of the calls or texts. Rather, the calls and texts came from EverQuote and Alexander Holmes' independent insurance agency ("Holmes Agency"). Therefore, FGI cannot be directly liable for any alleged TCPA violations.

1

Plaintiff's admission in the Amended Complaint along with the express terms of Alexander Holmes' Agent Appointment Agreement and information from the Texas Department of Insurance website, demonstrate that FGI cannot be held vicariously liable under any theory of common law agency. Neither EverQuote nor the Holmes Agency were calling on behalf of FGI to promote or sell auto insurance for FGI. FGI is not an insurance company, does not sell insurance, and does not sell products or services to the public.

Neither EverQuote nor the Holmes Agency had actual or apparent authority from FGI to make calls or texts. Plaintiff admits that FGI is not a party to the Agent Appointment Agreement between Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, and Farmers New World Life Insurance Company ("FNWL" and collectively, the "Insurance Companies") and the Holmes Agency. Plaintiff also admits that EverQuote sold his contact information as a lead to the Holmes agency, not FGI. Plaintiff fails to allege that he ever spoke with anyone from FGI or relied on any manifestation by FGI to support apparent authority.

Plaintiff failed to allege facts to support ratification by FGI. Absent allegations that could support the existence of a common law agency relationship, Plaintiff's ratification theory fails as a matter of law. Plaintiff also fails to allege an essential element of ratification – that FGI retained any benefit from EverQuote's call or the Holmes Agency's call or text. Plaintiff could not buy an insurance policy from FGI and did not even buy an insurance policy from the Insurance Companies.

Finally, Plaintiff's allegations that FGI is the parent company of FNWL does not support holding FGI liable. Plaintiff has not alleged any facts that would support piercing the corporate veil.

For all the reasons set forth in the memorandum filed contemporaneously herewith, FGI hereby moves to dismiss Counts I, II, and III of the Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and Local Rule 12(b)(6).

Dated: June 18, 2026

Respectfully submitted,

FARMERS GROUP, INC.

By its attorney,

/s/ *Maxwell Gessman*
Maxwell Gessman (BBO #715177)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
Tel: (617) 239-0100
maxwell.gessman@troutman.com

Brian Hays (*Admitted Pro Hac Vice*)
Randall Hack
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive
Chicago, IL 60606
T: 312-443-0700
Brian.hays@troutman.com
Randall.hack@troutman.com

## Local Rule 7.1 Certification

I certify that on June 11, 2026, counsel for the parties conferred in good faith in an effort to resolve or narrow the issue presented by this motion.

/s/ *Maxwell Gessman*
Maxwell Gessman

**Certificate of Service**

I hereby certify that on June 18, 2026, a true and correct copy of the foregoing motion was filed through the Court's Electronic Case Filing (ECF) system and thereby served on all parties registered to receive electronic notifications through ECF.


/s/ *Maxwell Gessman*
Maxwell Gessman