**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of others similarly situated,<br>　　　　　　*Plaintiff,*<br><br>*v.*<br><br>EVERQUOTE, INC., and FARMERS GROUP, INC.<br>　　　　　　*Defendants.* | Case No. 1:26-cv-11440-RGS |

**DEFENDANT EVERQUOTE, INC.'S MOTION FOR LEAVE TO FILE REPLY BRIEFS IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO COMPEL <u>ARBITRATION</u>**

Defendant EverQuote, Inc. ("EverQuote"), pursuant to Local Rule 7.1(b)(3), respectfully moves this Court for leave to file reply briefs in further support of its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") [ECF No. 45] and its Motion to Compel Arbitration [ECF No. 43]. In support of this Motion, EverQuote states as follows:

1. On June 18, 2026, EverQuote filed its Motion to Compel Arbitration [ECF No. 43], along with a supporting memorandum of law [ECF No. 44], and its Motion to Dismiss the FAC [ECF No. 45], along with a supporting memorandum of law [ECF No. 46].

2. On July 6, 2026, the Court granted Plaintiff's motion for an extension of time, extending Plaintiff's deadline to respond to both motions to July 16, 2026. [ECF No. 58].

3. On July 16, 2026, Plaintiff filed his Opposition to EverQuote's Motion to Dismiss [ECF No. 61] and his Opposition to EverQuote's Motion to Compel Arbitration [ECF No. 63].

4. In Plaintiff's Opposition to EverQuote's Motion to Dismiss [ECF No. 61], Plaintiff raised the following arguments: (1) Plaintiff's number was allegedly already on

1

Farmers' internal do-not-call list, such that Count II does not rest solely on the March 5, 2026 text message; (2) the ten-business-day period in 47 C.F.R. § 64.1200(d)(3) is a ceiling rather than a safe harbor; (3) the FAC plausibly alleges deficient internal do-not-call procedures; (4) Count III is derivative of the TCPA claims, and EverQuote's duplicative-damages argument is premature and foreclosed by Tex. Bus. & Com. Code § 305.055; (5) Count IV targets EverQuote's referral revenue from the sale of Plaintiff's information rather than the telemarketing calls; and (6) the FAC states TCPA claims predicated on Calls 6-8 because they were made "by or on behalf of" EverQuote under 47 U.S.C. § 227(c)(5). EverQuote seeks to respond to these arguments and respectfully submits that its reply will assist the Court in resolving this Motion.

5.    In Plaintiff's Opposition to EverQuote's Motion to Compel Arbitration [ECF No. 63], Plaintiff raised the following arguments: (1) EverQuote failed to carry its threshold burden of establishing that Plaintiff entered into an arbitration agreement; (2) the delegation clause does not reach Plaintiff's contract-formation challenge; (3) the disclosure is unenforceable browsewrap because it appears below the "Get My Quotes" button; (4) Plaintiff's TCPA claims fall outside the scope of the arbitration provision; (5) the disclosure is ambiguous because "you" is undefined; (6) EverQuote has not demonstrated compliance with the E-SIGN Act; and (7) the class action waiver falls with the arbitration agreement. EverQuote seeks to respond to these arguments and respectfully submits that its reply will assist the Court in resolving this potentially dispositive Motion.

6.    EverQuote submits that its reply briefs will not exceed ten (10) pages each, consistent with Local Rule 7.1(b)(4) and the page limit the Court previously set in this case [ECF No. 60], and respectfully requests fourteen (14) days from the date of the Court's Order

granting this Motion to file its replies.

7.    Plaintiff will not be prejudiced by the filing of reply briefs, as no hearing is currently scheduled on either of EverQuote's pending motions.

8.    On July 20, 2026, counsel for EverQuote conferred with counsel for Plaintiff via email regarding this request, and followed up on July 21, 2026. Plaintiff's counsel did not take a position, indicating he would need to review the reply briefs before doing so.

WHEREFORE, for all of these reasons, EverQuote respectfully requests the Court grant this Motion for Leave to file Reply Briefs in support of its Motion to Dismiss and Motion to Compel Arbitration, and permit EverQuote to file its reply briefs within fourteen (14) days of the Court's Order on this Motion.

Dated: July 21, 2026

Respectfully submitted,

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson, (BBO#662952)
Campbell Conroy & O'Neil, P.C.
20 City Square, Suite 300
Boston, MA 02129
Telephone: (617) 241-3075
cparkerson@campbell-trial-lawyers.com

-and-

Eric J. Troutman (*pro hac vice)*
Tori L. Guidry (*pro hac vice*)
Blake H. Landis (*pro hac vice*)
Troutman Amin, LLP
400 Spectrum Center Drive
Suite 1450
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile:(949)203-8689
tori@troutmanamin.com

*Counsel for Defendant EverQuote, Inc.*

4

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on July 20, 2026, counsel for EverQuote conferred with counsel for Plaintiff, Anthony I. Paronich, via email regarding the relief sought in this Motion, and followed up on July 21, 2026. Plaintiff's counsel did not take a position on the relief sought, indicating he would need to review the reply briefs before doing so.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson

4

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson