IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT HOSSFELD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**EVERQUOTE, INC., and FARMERS GROUP, INC.,**<br><br>*Defendants.* | Case No. 1:26-cv-11440-RGS<br><br>Hon. Richard G. Stearns |

**DEFENDANT EVERQUOTE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLARIFICATION, TO SET A SUMMARY TRIAL ON ARBITRABILITY PURSUANT TO 9 U.S.C. § 4, AND TO STAY DISCOVERY**

## I.    INTRODUCTION

Defendant EverQuote, Inc. ("EverQuote") respectfully seeks clarification of the Court's August 6, 2026 Order (ECF No. 72) denying EverQuote's Motion to Compel Arbitration (ECF Nos. 43, 44) (the "Motion"), and requests that the Court (1) clarify that the denial is without prejudice and hold the Motion in abeyance pending resolution of the disputed formation issue, (2) set a summary trial on the existence of the parties' arbitration agreement pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and (3) stay discovery, other than discovery targeted to the contract-formation question, pending resolution of that threshold issue. EverQuote does not ask the Court to revisit its finding that contract formation is disputed. It asks the Court to implement the procedure Section 4 requires once that finding has been made.

The Court denied the Motion after finding that "the existence of a valid contract is in dispute." ECF No. 72. Although EverQuote offered evidence that a visitor to its website entered Plaintiff's telephone number and email address to request a quote, Plaintiff avers that the visitor was not him. *Id.* The Court observed that "[i]f a jury credits Hossfeld's testimony, it follows that

1

he never entered into any agreement to arbitrate his dispute with EverQuote." *Id.* EverQuote's Motion expressly demanded a jury trial on arbitrability in the event the Court found a disputed issue of fact, and renewed that demand on reply. ECF No. 44 at 19; ECF No. 71 at 5, 10. Plaintiff likewise demanded a jury trial on the formation question in the alternative. ECF No. 63 at 3, 20-21. The Order, however, did not address these requests.

## II.    **ARGUMENT**

### A.    **A Summary Trial on Arbitrability Is the Statutorily Required Next Step.**

Under binding First Circuit precedent, the factual dispute the Court identified triggers a mandatory statutory procedure. "If the making of the arbitration agreement . . . be in issue, the court *shall* proceed summarily to the trial thereof." 9 U.S.C. § 4 (emphasis added). Because motions to compel arbitration are evaluated under the summary judgment standard, a genuine issue of fact regarding contract formation does not end the Section 4 inquiry—it requires an "expeditious and summary" trial limited to that question. *Air-Con, Inc. v. Daikin Applied Latin Am., LLC*, 21 F.4th 168, 175 (1st Cir. 2021). Indeed, "the district court should not rule on the motion to compel arbitration until it resolves any factual disputes that require resolution before it can be determined whether the parties agreed to arbitrate." *Id.* at 176. In *Rodríguez-Rivera v. Allscripts Healthcare Solutions, Inc.*, 43 F.4th 150 (1st Cir. 2022), the First Circuit vacated for precisely this error, holding that "[w]hether a contract containing an arbitration clause and signed by Rodríguez exists was a disputed factual matter and the district court thus should have 'proceeded summarily to trial to resolve th[e] question.'" *Id.* at 171 (quoting *Air-Con*, 21 F.4th at 175). Thus, the Court's finding of a genuine formation dispute does not resolve the arbitration question; under Section 4, it identifies the factual issue that must be tried before that question can be finally resolved.

Other circuits are in accord, including on materially analogous facts. In *Hansen v. LMB Mortgage Services, Inc.*, 1 F.4th 667 (9th Cir. 2021), a TCPA case, the plaintiff "declared under

2

penalty of perjury that he never visited the [defendant's] website," *id.* at 670–71, and the district court denied the motion to compel after finding formation genuinely disputed. The Ninth Circuit vacated the denial as "improperly issued," holding that where genuine disputes of material fact exist as to formation, "the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved." *Id.* at 672–73. As then-Judge Gorsuch explained, "[o]ne thing the district court may never do is find a material dispute of fact does exist and then proceed to deny any trial to resolve that dispute of fact." *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014); *accord Jin v. Parsons Corp.*, 966 F.3d 821, 826 (D.C. Cir. 2020); *see also id.* at 828 (proper procedure is to hold the motion "in abeyance pending a trial on the issue of arbitrability"). The Sixth Circuit enforces the rule in both directions, reversing an order compelling arbitration because a genuine formation dispute "entitles [the plaintiff] to targeted discovery and a trial on the question," with the motion held in abeyance in the meantime. *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 841, 844 (6th Cir. 2021). Judges of this District follow this procedure. *See Khath v. Midland Funding, LLC*, 334 F. Supp. 3d 499, 518 (D. Mass. 2018) (Wolf, J.) ("Because a reasonable factfinder could conclude that [the plaintiff] did not agree to arbitrate, a summary trial on the issue is proper."); *Farahani v. Verizon Wireless Servs., LLC*, 2026 WL 2268822, at *1, *9 (D. Mass. Aug. 6, 2026) (Saylor, J.) (denying motion to compel arbitration "without prejudice pending resolution of factual disputes concerning contract formation" and citing *Air-Con*, 21 F.4th at 176); *Martins v. Capstone Logistics, LLC*, 2026 WL 252401, at *4 (D. Mass. Jan. 30, 2026) (Joun, J.) (applying *Air-Con* framework).

EverQuote preserved this request, unlike the plaintiff in *Daschbach v. Rocket Mortgage, LLC*, 2023 WL 2599955 (D.N.H. Mar. 22, 2023), where the court observed that a genuine

3

formation dispute "would require an 'expeditious and summary trial'" but the plaintiff "ma[de] no request for a summary trial." *Id.* at \*5 n.22. Plaintiff, moreover, does not dispute the procedure. His Opposition acknowledged that if "the Court concludes that a genuine factual dispute exists as to whether an agreement was formed, Section 4 of the FAA requires the Court to 'proceed summarily' to trial of that question, with a right to a jury if demanded," ECF No. 63 at 6, and it closed by conceding that "[i]n the alternative, and only to the extent the Court concludes that a genuine factual dispute remains as to formation, Plaintiff joins issue and demands a jury trial on that narrow formation question pursuant to 9 U.S.C. § 4." *Id.* at 21; *see also id.* at 3, 10. The Order found precisely that dispute. ECF No. 72. The trial the statute contemplates here would resolve a single, narrow question of fact, namely whether Plaintiff, or someone acting at his direction, submitted the March 4, 2026 quote request through EverQuote's website. The proceeding would involve minimal evidence, consisting of Plaintiff's testimony and EverQuote's records, and could be completed in a day or less. That is the factual dispute the Order itself identified, and resolving it requires no merits or class discovery.

**B.      Discovery Should Be Stayed Pending the § 4 Trial.**

This Court has inherent authority to stay proceedings to manage its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A short stay of discovery pending the § 4 trial follows directly from that principle and from the FAA's design. If EverQuote prevails at trial, the factual obstacle identified in the Court's Order will be resolved in EverQuote's favor. EverQuote maintains, for the reasons already briefed, that Plaintiff's remaining objections fail as a matter of law. Upon enforcement of the agreement, Plaintiff's claims proceed in their entirety to individual arbitration under Terms of Use containing a class action waiver, and no merits or class proceedings will occur in this Court.

4

As the Supreme Court has explained in the analogous context of arbitrability appeals, allowing litigation to proceed while the arbitration question remains unresolved means "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if" it is later concluded "that the case actually had belonged in arbitration all along." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023). Requiring the parties to complete 90 days of class discovery and brief certification (ECF No. 73), with merits discovery to follow, before the threshold formation question is answered risks precisely that irretrievable loss. The same sequencing principle applies in this District. *See Fawcett v. Citizens Bank, N.A.*, 297 F. Supp. 3d 213, 220–22 (D. Mass. 2018) (Hillman, J.) (deferring ruling on motion to compel arbitration pending further evidence and a hearing, and denying without prejudice the plaintiff's motion for class certification and to hold that motion in abeyance pending class discovery because, "from the standpoint of judicial efficiency, it does not make sense to address the issues raised by that motion until I have ruled on [the] motion to dismiss and/or to stay and compel arbitration").

Indeed, this Court has stayed pretrial deadlines pending resolution of threshold motions. *See Kongtcheu v. Comcast Corp.*, No. 1:25-cv-11869-RGS, Dkt. No. 74 (D. Mass. Feb. 4, 2026) (staying pretrial schedule pending ruling on dispositive cross-motions). Section 4's summary procedure likewise confines pretrial proceedings, as "[r]ound after round" of discovery "is inappropriate for a § 4 proceeding." *Air-Con*, 21 F.4th at 175 (quoting *Howard*, 748 F.3d at 978). The FAA "calls for a summary trial—not death by discovery." *Howard*, 748 F.3d at 978; *accord Boykin*, 3 F.4th at 844. EverQuote accordingly does not seek to stay discovery related to the arbitrability question itself, which may proceed on a targeted basis. *See Air-Con*, 21 F.4th at 175 ("the discovery—like the trial—must be 'targeted' to the 'disputed contract-formation questions'") (quoting *Boykin*, 3 F.4th at 844). The requested stay therefore does not postpone discovery needed

to resolve arbitrability; it prevents merits and class discovery from proceeding before the Court determines whether this action may proceed here at all.

## III.   CONCLUSION

For the foregoing reasons, EverQuote respectfully requests that the Court clarify that its August 6, 2026 denial is without prejudice, hold the Motion to Compel Arbitration in abeyance pending resolution of the disputed formation issue, set a summary trial on the existence of the arbitration agreement at the Court's earliest convenience, and stay all other discovery pending its resolution.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson, (BBO#662952)
Campbell Conroy & O'Neil, P.C.
20 City Square, Suite 300
Boston, MA 02129
Telephone: (617) 241-3075
cparkerson@campbell-trial-lawyers.com

-and-

Eric J. Troutman (*pro hac vice)*
Tori L. Guidry (*pro hac vice*)
Blake H. Landis (*pro hac vice*)
Troutman Amin, LLP
400 Spectrum Center Drive
Suite 1450
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile:(949)203-8689
tori@troutmanamin.com

*Counsel for Defendant EverQuote, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 14, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson
